**UNITED STATES of America,**

v.

**Richard Andrew HARPER.**

**Criminal Action No. 1:04–CR–90.**

United States District Court,
E.D. Texas,
Beaumont Division.

March 17, 2005.

Randall Lynn Fluke, U.S. Attorney's Office, Beaumont, TX, for Plaintiff.

Bernard John Shealy, Federal Public Defender's Office, Beaumont, TX, for Defendant.

## AMENDED ORDER ON MOTION TO CORRECT SENTENCE

CLARK, District Judge.

Defendant Richard Andrew Harper ("Harper"), a federal prison inmate, stabbed his cell-mate, Eddie Lujan, with a six inch weapon fashioned from a meat thermometer. Prior to the decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("*Booker/Fanfan*") he pled guilty to "inmate assault with a dangerous weapon, namely a stabbing weapon, with intent to do bodily harm." [1] At sentencing, after *Booker/Fanfan,* the court applied a three level enhancement under U.S. Sentencing Guidelines § 2A2.2(b)(3)(A) because Harper's plea, the Government's proffer of evidence to which Harper agreed at the plea colloquy, and Harper's express admission to the court at the plea hearing that he stabbed Lujan, established that Lujan suffered "bodily injury" as defined by U.S. Sentencing Guidelines § 1B1.1, application note 1(B).

The Government has timely moved to correct the sentence in this case pursuant to Fed.R.Crim.P. 35(a). The Government, relying upon a case decide two days after the hearing, *United States v. Mares*, 402 F.3d 511, 2005 WL 503715 (5th Cir., Mar. 4, 2005) argues, as it did at the sentencing hearing, that the court should have applied a preponderance of the evidence standard in considering whether a greater enhance-ment for "serious bodily injury" should apply under U.S. Sentencing Guidelines § 2A2.2(b)(3)(D).

■ *Booker/Fanfan* makes the sentencing guidelines advisory. But the opinions' clear import requires the court to give the guidelines substantial weight. The better reasoned decisions interpreting *Booker/Fanfan* espouse this interpretation. *See United States v. Wilson,* 350 F.Supp.2d 910 (D.Utah 2005). This view is especially appropriate, given Congressional intent and guidance expressed over the years before and after the guidelines were adopted, the enormous input from all stakeholders to Congress and to the Sentencing Commission, and the years of study and revision by the Sentencing Commission.

At the sentencing hearing in this case, held after *Booker/Fanfan,* the court found that Defendant pled to Count I of the Indictment, which stated that he assaulted Lujan with a stabbing weapon. At the plea colloquy, Defendant had agreed that Lujan received six puncture wounds and, more specifically, admitted that he, the Defendant, stabbed Lujan with some kind of stabbing weapon.[2]

U.S. Sentencing Guidelines § 2A.2.2(b)(3) adds to the base level offense: (A) 3 levels, if the victim sustained "bodily injury;" and (B) 5 levels, if the victim sustained "serious bodily injury." If the injury was in between that specified in subdivisions (A) and (B) then 4 levels are added.

---

1. At that time the court and the parties were bound by *United States v. Pineiro,* 377 F.3d 464 (5th Cir.2004), *overruled by United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. The court asked: "Is there any doubt about the fact that you were in the cell with the individual involved and stabbed him with some kind of stabbing weapon while you were a prisoner at the Beaumont unit?" Defendant responded: "That's what happened." Plea Hearing Transcript p. 7, L. 4–8.

Application Note 1 refers the court to U.S. Sentencing Guidelines § 1B1.1, which provides the following definitions:

(B) "Bodily injury" means any significant injury; e.g. an injury that is painful and obvious.

(L) "Serious bodily injury" means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation.

At the plea hearing, Harper agreed to the Government's proffer of evidence, which included the statement that "six puncture wounds were discovered on inmate Lujan's **upper back and arms.**" Plea Hearing Excerpt, p. 3, L. 15–16 (emphasis added). Defendant also agreed he called a guard after the assault because Lujan was having trouble breathing. There was also a statement in the PSI that Harper at first thought Lujan was alright because he was smoking after the attack. The Government points to Harper's agreement with the proffer of evidence statement that Lujan was transported to the hospital and treated for a collapsed lung. But nothing in the proffer of evidence agreed to by Harper, nor in the plea colloquy, affirmatively established that the collapsed lung resulted from the stabbing. While not likely, it is also possible that this was a pre-existing condition of Lujan, or resulted from his smoking.

Evidence of "puncture wounds to the upper back and arms," without any evidence of Lujan's good health and condition immediately before the assault, does not establish as a matter of law, or even beyond a reasonable doubt, that the stabbing collapsed Lujan's lung. The Government relies upon the PSI's discussion of the medical seriousness of a collapsed lung, but whether a collapsed lung qualifies as a "serious bodily injury is not in dispute." The questions are causation, and the Government's burden in establishing the applicability of this enhancement factor.

The Government correctly notes that on March 4, 2005, two days after the hearing, the Fifth Circuit held that guideline enhancements may be based upon findings by the trial court under a preponderance of the evidence standard. *United States v. Mares,* 402 F.3d 511, 2005 WL 503715 (5th Cir., Mar. 4, 2005). This court would have little problem concluding ·from the plea agreement and the governments proffer of evidence, under a preponderance of the evidence standard, that there was a "better than fifty percent possibility" that the stabbing caused the collapsed lung.

Normally this court would rely upon a clear recent opinion from the Circuit Court. However, three days later, the Supreme Court held that police reports could not be relied upon for an enhancement under the Armed Career Criminal Act. *Shepard v. United States,* —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The Court stated that "any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence on any waiver of rights by the defendant." *Shepard,* —— U.S. —— ——, 125 S.Ct. 1254, 1255, 161 L.Ed.2d 205 (citing *Jones v. United States,* 526 U.S. 227, 243, n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)); *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■ *Shepard* deals specifically with an interpretation of the Armed Career Criminal Act. However, in light of *Booker/Fanfan,* that is a distinction without a difference. It seems clear that the Supreme Court has ruled that sentencing enhancements must be based upon jury findings,

prior convictions, the court documents and statutory definitions pertinent to such convictions, and admissions by a defendant. Accordingly, a sentence enhancement should not be applied in this case based upon the court's choice of which of two possible inferences may be drawn, by a preponderance of the evidence, from facts admitted by Defendant.

The recent Supreme Court rulings require that more attention be paid to the drafting of plea agreements, and to the presentation of proffers of evidence by the Government, so that facts necessary for enhancements the Government believes should be applied, are clearly established. It is difficult to argue that this is particularly onerous since, as a practical matter, the Government drafts its own proffer of evidence, and in most cases the plea agreement. Based on the court's observation of the practice which has evolved since the decision in *Booker/Fanfan,* the Government is already including all facts pertinent to sentencing enhancements in plea agreements or in a written "factual basis" signed by the Defendant and defense counsel.

The one level enhancement requested by the Government in this case would have moved the fifty-seven to seventy-one month Guideline range to a range of sixty-three to seventy-eight months. The sentence imposed by the court was sixty months. The change may not seem important, in light of the actual sentence imposed. However, the issue of the proper standard of evidentiary review of sentencing facts, raised by the Government is vitally important. In spite of the Fifth Circuit's recent decision in *Mares,* this court must respectfully conclude that the even more recent Supreme Court decision in *Shepard,* requires that sentence enhancements under the guidelines require

more than inferences drawn from a preponderance of the evidence.

IT IS THEREFORE ORDERED that the Government's Motion to Correct Sentence [**Doc. # 27**] is **DENIED.**