United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 05-40500
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

RICHARD ANDREW HARPER,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Texas

_____

Before GARWOOD, DAVIS, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Appellee Richard Harper, a federal prisoner, was convicted of assaulting his cellmate with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3). At sentencing, the Government urged the court to apply a four-level increase to Harper's offense level pursuant to U.S.S.G. § 2A2.2(b)(3)(D) to account for the degree of injury his victim sustained. The court instead applied a three-level increase pursuant to U.S.S.G. § 2A2.2(b)(3)(A), reflecting a lesser degree of injury. The Government appeals the district court's ruling.

I

Harper pled guilty to the assault. According to the Presentence Report ("PSR"), Harper quarreled with his cellmate, Lujan, after Lujan turned off the lights in the cell while Harper was reading. Harper then stabbed Lujan with a meat thermometer six times. Prison officials transported Lujan by ambulance to a local hospital, where he was treated for a collapsed lung. The meat thermometer was later found wrapped in a bloodstained shirt. The PSR recommended applying a four-level upward adjustment to Harper's sentence pursuant to U.S.S.G. § 2A2.2(b)(3)(D) because Lujan suffered injuries that were more than significant but less than serious. Harper objected, arguing that the severity of Lujan's injuries warranted only a three-level increase pursuant to U.S.S.G. § 2A2.2(b)(3)(A).

At the sentencing hearing, the district court reasoned that "under [*United States v.*] *Booker* [543 U.S. 220 (2005)] and [*United States v.*] *Fanfan* [543 U.S. 220 (2005)] and then going back to *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], anything that enhances the sentence has to either be admitted or proven by a jury." The court then observed that Harper had not admitted that Lujan had suffered any particular degree of injury. In response, the Government argued that *Booker* permitted the court to infer that Lujan suffered serious injury from Harper's admission that Lujan suffered a collapsed lung and several stab wounds. The court nevertheless reiterated that the Sixth Amendment required that the facts supporting the four-level enhancement either be admitted by Harper or found beyond a reasonable doubt.

Two days later, we issued our opinion in *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005), and the Government promptly moved to correct Harper's sentence pursuant to Federal Rule of Criminal Procedure 35(a). In *Mares*, we stated, "*Booker* contemplates that, with the mandatory

2

use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing. The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guidelines sentencing range . . . ." *Id.* at 518 (citation omitted).

The district court denied the motion. *United States v. Harper*, 360 F.Supp.2d 833 (E.D.Tex. 2005). It acknowledged that *Mares* addressed the issue in this case. It observed, however, that the Supreme Court had issued its decision in *Shepard v. United States*, 125 S.Ct. 1254 (2005), three days after we decided *Mares*. *Harper*, 360 F.Supp.2d. at 835. The Supreme Court stated in *Shepard* that "any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence of any waiver of rights by the defendant." *Shepard,*125 S.Ct. 1262. The district court in this case observed that the enhancement would increase the top of Harper's Guideline range. It also held that Harper's admission that he stabbed Lujan and that Lujan was subsequently treated for a collapsed lung did not establish as a matter of law or beyond a reasonable doubt that Harper's action caused the collapsed lung. *Harper*, 360 F.Supp.2d at 835. "While not likely," the court noted, "it is also possible that this was a pre-existing condition of Lujan, or resulted from his smoking." *Id.* The court then reasoned:

> It seems clear that the Supreme Court has ruled that sentencing enhancements must be based upon jury findings, prior convictions, the court documents and statutory definitions pertinent to such convictions, and admissions by a defendant. Accordingly, a sentence enhancement should not be applied in this case based upon the court's choice of which of two possible inferences may be drawn, by a preponderance of the evidence, from facts admitted by the Defendant.

*Id.* at 835-36.[1]

---

[1] We note that the district court did not reason and Harper does not contend that the magnitude of the sentencing enhancement amounted to a "tail that wags the dog of the substantive offense" thereby requiring the use of a more stringent standard of proof. *Cf. United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999) (when

3

II

As an initial matter, we must address Harper's argument that the Government has not satisfied the statutory requirements to pursue an appeal of a sentence. The Government may file a notice of appeal for review of a sentence that was "imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(b)(2). However, "[t]he Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General." *Id.* Harper argues that nothing in the record establishes that this approval was obtained. In response, the Government attached to its reply brief a memo from that the Solicitor General authorizing this appeal. In *United States v. Dadi*, 235 F.3d 945, 955 (5th Cir. 2000), we held that the Government could satisfy its burden under 18 U.S.C. § 3724(b)(2) by attaching proof of compliance to its reply brief. Accordingly, the Government has demonstrated the requisite approval to pursue this appeal.

We now turn to the merits of the Government's appeal. We review the district court's interpretation of the Sentencing Guidelines de novo and its factual determinations for clear error. *United States v. Solis-Garcia*, 420 F.3d 511, 513-14 (5th Cir. 2005). We review claims that the district court incorrectly applied constitutional standards de novo. *United States v. Story*, 439 F.3d 226, 232 (5th Cir. 2005).

The issue in this case is whether *Shepard v. United States*, 125 S.Ct. 1254 (2005), prohibits a judge from finding the facts relevant to a defendant's Sentencing Guidelines range by a

---

enhancement " 'has an extremely disproportionate effect on the sentence relative to the offense of conviction,' the government may have to satisfy a 'clear and convincing' standard") (quoting *United States v. Restrepo*, 946 F.2d 654, 659 (9th Cir. 1991) (en banc)); *United States v. Mergerson*, 4 F.3d 337, 343-44 (5th Cir. 1993) (suggesting that where enhancement was sufficiently large, a "clear and convincing" standard may be appropriate); *United States v. Corbin*, 998 F.2d 1377, 1387 (7th Cir. 1993); *United States v. Kikumura*, 918 F.2d 1084, 1100 (3d Cir. 1990) (same).

4

preponderance of the evidence. Consistent with our prior precedent and the uniform position of the courts of appeals,[2] we hold that it does not.

*Shepard* concerned the application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). *Id*. at 1257. The ACCA *mandates* a fifteen-year minimum term of imprisonment for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. *Id.* The issue was whether Shepard's prior burglary convictions, obtained pursuant to a guilty pleas, were violent felonies. The ACCA defines burglary as a violent felony only if it was committed in a building, not a vehicle. *Id.* The Massachusetts statute that Shepard was convicted of violating, however, criminalized burglary of both buildings and vehicles. *Id.* The Government argued that the district court should look to police reports that revealed that Shepard had burglarized buildings and find accordingly. *Id.* at 1258. The Supreme Court held that the district court could look only to the indictment and Shepard's admissions in determining whether the ACCA applied. *Id.* at 1263. The Court reasoned that permitting the judge to find facts raising the statutory range of possible sentences would violate Shepard's Sixth Amendment right to a jury trial. *Id*. at 1262.

Unlike in *Shepard,* the facts relevant to the application of U.S.S.G. § 2A2.2(b)(3)(D) to Harper do not subject him to a higher potential sentence. In this case, Harper's guilty plea by itself authorized a sentence of zero to ten years imprisonment. 18 U.S.C. § 113(a)(3). Under an advisory Guidelines system, a judicial finding with respect to the degree of injury that Harper inflicted on Lujan

---

[2] This court and the other courts of appeals have repeatedly held post-*Shepard* that a district court may find the facts relevant to a defendant's Guidelines calculation by a preponderance of the evidence, without the aid of a jury. *United States v. Johnson*, –F.3d –, 2006 WL 870499 (5th Cir. Apr. 4, 2006); *United States v. High Elk*, 442 F.3d 622, 626 (8th Cir. 2006); *United States v. Williams*, 441 F.3d 716, 725 (9th Cir. 2006); *United States v. Garcia*, 439 F.3d 363, 369 (7th Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006); *United States v. Holguin*, 436 F.3d 11, 119 (2d Cir. 2006); *United States v. Yeje-Cabrera,* 430 F.3d 1, 17 (1st Cir. 2005); *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005); *United States v. Chau*, 426 F.3d 1318, 1324 (11th Cir. 2005); *United States v. Magallanez*, 408 F.3d 672, 684 (10th Cir, 2005).

no longer mandates a sentence within any particular subset of the statutory range. Application of the ACCA, however, remains mandatory for all defendants to whom it applies. *See* 18 U.S.C. § 924(e) (stating that a person convicted of three prior violent felonies "shall be . . . imprisoned not less than 15 years"). It is this mandatory increase in the upper limit of Shepard's sentence that created a Sixth Amendment right to have the facts supporting the ACCA enhancement found by a jury beyond a reasonable doubt. Because application of U.S.S.G. § 2A2.2(b)(3)(D) has no mandatory effect on Harper's sentence, the district court erred in declining to find the relevant facts by a preponderance of the evidence.[3]

## III

For the foregoing reasons, we VACATE Harper's sentence and REMAND for further proceedings consistent with this opinion.

---

[3] We note without deciding the issue that some district courts have considered their confidence in the accuracy of their findings in determining whether to give a non-Guidelines sentence. *See, e.g., United States v. Wendelsdorf*, –F.Supp.2d–, 2006 WL 850968, at *10-*11 (N.D.Iowa Mar. 24, 2006) ("[A]lthough the preponderance of the evidence standard continues to govern judicial fact-finding during sentencing, the reasonable-doubt standard can still operate as a measurement of reliability in determining how much deference to give the applicable Guidelines range."); *United States v. Maali*, 6:02-CR-1710RL28KRS, 2005 WL 2204982, at *4 (M.D.Fla. Sept. 8, 2005) ("The variance between the preponderance of the evidence standard and the reasonable doubt standard must necessarily bear, to some extent, on the persuasive force of an advisory guidelines range."); *United States v. Gray*, 362 F.Supp.2d 714, 723-24 (S.D.W.Va. 2005) (holding that district court would give less weight to Guidelines advice when the facts supporting the Guideline sentence can not be made beyond a reasonable doubt).