United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20145
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEROME J. HARRIS,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-119-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Jerome J. Harris appeals the total 57-month sentence imposed
following his jury trial conviction on 21 counts of aiding in the
preparation of a false tax return.  See 26 U.S.C. § 7206(2).
Harris argues that the district court violated United States v.
Booker, 543 U.S. 220 (2005), by enhancing his sentence on the
basis of facts not charged in the indictment or proved beyond a
reasonable doubt.  Harris was sentenced post-Booker.  The
district court did not commit error under Booker by finding the
facts relevant to the determination of Harris's advisory

    _____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range.  See United States v. Johnson, 445 F.3d 793, 797-98 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006).

Harris argues that the amount of the tax loss for purposes of the Guidelines should have been proved beyond a reasonable doubt or by clear and convincing evidence.  We have stated, in dicta, that a higher standard of proof than preponderance of the evidence may be appropriate when relevant conduct increases a defendant's sentence so greatly that it becomes the "'tail that wags the dog of the substantive offense.'"  United States v. Harper, 448 F.3d 732, 734 n.1 (5th Cir.) (citations omitted), cert. denied, 127 S. Ct. 285 (2006).  The magnitude of the sentencing enhancement here is not sufficient for us to consider imposing a higher standard of proof.  See United States v. Carreon, 11 F.3d 1225, 1240 (5th Cir. 1994); United States v. Mergerson, 4 F.3d 337, 343-45 (5th Cir. 1993).

Harris argues that the district court erred in attributing to him a tax loss of $1,298,176 in calculating the guidelines range.  See U.S.S.G. §§ 2T1.4(a)(1), 2T4.1.  We review the district court's application of the Guidelines de novo and review factual findings for clear error.  See United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005); United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).  Because Harris did not present evidence to rebut the presentence report (PSR) and because the facts had an adequate evidentiary basis, the district court was free to adopt the facts

in the PSR regarding the tax loss.  See <u>United States v.</u>
<u>Caldwell</u>, 448 F.3d 287, 290 (5th Cir. 2006).

Harris challenges the district court's enhancement of his base offense level for obstruction of justice.  See § 3C1.1.  He has not demonstrated clear error with respect to the enhancement for obstruction of justice.  See <u>Villanueva</u>, 408 F.3d at 203 & n.9; <u>United States v. Gonzalez</u>, 163 F.3d 255, 262-63 (5th Cir. 1998).

AFFIRMED.