IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2007**

Charles R. Fulbruge III
Clerk

No. 05-20875
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS ALONZO ANDRADE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-35-ALL

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Carlos Alonzo Andrade appeals his conviction and sentence for unlawful possession of a firearm by a convicted felon; possession with intent to distribute cocaine; possession with intent to distribute crack cocaine; and illegal reentry. He challenges his sentence on the following bases: (1) he was erroneously found in possession of narcotics and a firearm on the basis of "relevant conduct"; (2) he should have been granted a two-level reduction in his offense level for acceptance of responsibility; and (3) his criminal history score was incorrectly calculated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Andrade, however, pleaded guilty pursuant to a plea agreement that contained an appeal waiver, which the Government seeks to enforce and which, by its terms, bars consideration of his sentencing claims. Regarding his first sentencing claim, Andrade argues that the district court was constitutionally required to apply a higher burden of proof than preponderance of the evidence when determining the quantity of drugs involved in relevant conduct. Despite the validity of the appeal waiver, we note that this argument is foreclosed by circuit precedent. United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 546 U.S. 828 (2005); United States v. Harper, 448 F.3d 732, 735 (5th Cir.), cert. denied 127 S. Ct. 285 (2006); United States v. Vittek, 228 F. App'x 469, 475-76 (5th Cir. May 16, 2007) (unpublished), petition for cert. filed (U.S. Aug. 14, 2007) (No. 07-5934). We decline to address Andrade's remaining sentencing claims because the appeal waiver bars consideration of those claims. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. Id. Because Andrade stated at the Rule 11 hearing that he read and understood his plea agreement, which included an explicit, unambiguous waiver of appeal, we find that the waiver was both knowing and voluntary. United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005).

Andrade contends that ineffective assistance of counsel rendered invalid his guilty plea and the appeal waiver provision therein. Although we have held that an ineffective assistance of counsel argument survives a waiver of appeal when the claimed assistance directly affected the validity of that waiver or the plea itself, United States v. White, 307 F.3d 336, 343 (5th Cir. 2002), we have also held that we will not address such claims for the first time on direct appeal where they were not sufficiently developed in the trial court and the record is sparse. United States v. Brewster, 137 F.3d 853, 859 (5th Cir.), cert. denied 525 U.S. 908 (1998); United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004). This is such a case, where the district court never directly addressed the possibility

of ineffective assistance. Andrade can raise this argument under 28 U.S.C. § 2255. See Brewster, 37 F.3d at 859; United States v. Grammas, 376 F.3d 433, 436 n.2 (5th Cir. 2004).

Insofar as Andrade challenges, for the first time on appeal, the enforceability of the appeal waiver provision on the bases that (1) the plea agreement failed pursuant to U.S.S.G. § 6B1.4(b) to identify the facts that were in dispute and (2) the plea agreement did not properly communicate the 10-year minimum sentence inherent in the plea, he has not shown plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000). We find that the factual stipulation contained in the plea agreement clearly indicated that whether Andrade resided in the apartment containing the additional narcotics and the firearm was a fact in dispute. At the sentencing hearing, the district court resolved this factual dispute and found by a preponderance of the evidence that the additional narcotics and the firearm in the apartment should be attributed to Andrade as relevant conduct. Furthermore, we find that both the plea agreement and the district court properly communicated the 10-year minimum sentence inherent in the plea.

For the first time in his reply brief, Andrade argues that (1) the waiver of appeal provision failed to contain a "clear scope" because it did not explain 18 U.S.C. § 3742; (2) he did not understand the consequences of the waiver provision; (3) the Government's knowledge of counsel's alleged conflict of interest gave it unclean hands, rendering the waiver involuntary; and (4) enforcement of the waiver would constitute a miscarriage of justice. Because these arguments were not raised in his original brief on the merits, they are not entertained. Avants, 367 F.3d at 449.

AFFIRMED.

3