IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2007

Charles R. Fulbruge III
Clerk

No. 07-50167
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BARRY CHARLES DOCKERY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-148-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Barry Charles Dockery was convicted by a jury on the following charges: possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); unlawful possession of an unregistered firearm in violation of 26 U.S.C. § 5861; possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); conspiracy to distribute and to possess with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C)-(D), 846; possession of cocaine base with intent to distribute, in violation of 21 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 841(a)(1), (b)(1)(C); and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). He now challenges the district court's determination of drug quantity, which he contends increased his offense level from 20 to 32, resulting in an increase in his sentencing range from 70 to 87 months to a range of 210 to 240 months (taking into consideration the statutory maximum). According to Dockery, the court should have employed a higher burden of proof than the ordinary preponderance of the evidence standard because the weak evidence supporting the drug quantity resulted in a significantly increased sentence; thus, the sentencing fact became the tail wagging the dog of the substantive offense.

Dockery did not raise an objection to the standard of proof in the district court, arguing only that the testimony was not sufficiently reliable. Thus, we review only for plain error. See United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994). Although we have acknowledged that a higher burden may be necessary in certain cases involving a dramatic increase in sentencing based on judicial factfinding, we have never expressly adopted this "tail wags the dog" doctrine. See United States v. Harper, 488 F.3d 732, 734 n.1 (5th Cir. 2006); United States v. Mergerson, 4 F.3d 337, 344 (5th Cir. 1993). Accordingly, the district court's use of the ordinary preponderance standard was not plain, i.e., obvious error. See United States v. Salinas, 480 F.3d 750, 756 (5th Cir. 2007). In addition, even if the doctrine were applicable, the increase in sentencing in this case is not so dramatic that it justifies a higher burden of proof. See United States v. Carreon, 11 F.3d 1225, 1240 (5th Cir. 1994). The district court committed no error, plain or otherwise.

Although Dockery complains that the evidence of additional drug quantity in this case was weak, that is a factual determination that we will not disturb absent clear error. See United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). We find no such error here. See id. at 246-47.

The judgment of the district court is AFFIRMED.