# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60845
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEMARIOUS JAVAE FAIR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:13-CR-165

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Jemarious Javae Fair appeals the within-guidelines sentence imposed following his guilty plea to being a felon in possession of a firearm. He argues for the first time on appeal that the district court's "upward variance" from the advisory guidelines range was procedurally and substantively unreasonable. On plain error review, we affirm. *See Puckett v. United States,* 556 U.S. 129, 135 (2009)*; United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60845

Fair argues that the district court committed procedural error when it failed to give adequate reasons for its "upward variance." Fair's contention that the district court imposed a non-guideline sentence, however, is frivolous. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).[1] Fair was instead sentenced at the low end of the advisory guidelines range, and a district court's explanation for a sentence imposed within the recommended guidelines range can be both brief and legally sufficient. *Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009). Fair's implicit argument that the district court should not have found, for sentencing enhancement purposes, that he committed armed robbery is belied by his representation in the PSR "that sufficient evidence exists for [the armed robbery] to be shown by a preponderance of the evidence," which is the standard for sentencing. *See United States v. Harper*, 448 F.3d 732, 735 (5th Cir. 2006)(judge is empowered to decide facts relevant to sentencing guidelines range by a preponderance of the evidence). Our review of the record reveals no procedural error, plain or otherwise, in this regard. *See Rita*, 551 U.S. at 356.

Fair also challenges the substantive reasonableness of the sentence, arguing that the district court gave improper weight to his criminal history. The record reveals, however, that the district court considered the nature and circumstances of the offense, Fair's history and characteristics, and the need for the sentence imposed to protect the public. *See* 18 U.S.C. § 3553(a)(1), (2)(C). Furthermore, "[a] discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v.*

---

[1] Fair's original guidelines range was lower than the one ultimately used. The later recalculation and increase came not from a "variance" but from Fair's conduct in seeking to bribe a witness to change his testimony. That conduct resulted in Fair losing the benefit of the acceptance of responsibility decrease and gaining obstruction of justice points which raised his guidelines range.

No. 14-60845

*Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Fair therefore has not demonstrated clear or obvious error with regard to the substantive reasonableness of his sentence. *See Puckett*, 556 U.S. at 135.

AFFIRMED.