# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3987

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United
       v.      *    States District Court for
     *    the Northern District of Iowa.
Santiago Valdivia-Perez,      *
     *       [UNPUBLISHED]
       Appellant.      *

_____

Submitted: June 16, 2004
Filed: June 6, 2005

_____

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A grand jury indicted Santiago Valdivia-Perez on two counts: (1) conspiracy to distribute 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine and cocaine and (2) knowingly using and carrying a firearm during and in relationship to a drug trafficking crime. A jury convicted Valdivia-Perez on count one and acquitted him on count two.

At sentencing, the district court increased Valdivia-Perez's base offense level for possession of a gun and adjusted his offense level upward for his role in the offense. The court refused to depart downward and sentenced Valdivia-Perez to life

imprisonment.  Valdivia-Perez appeals, arguing that the district court erred in increasing his base offense level for possession of a weapon in furtherance of illegal activity (a charge to which the jury had acquitted him), and in failing to use the disparity of his co-conspirators' sentences as a basis for a downward departure.

Upon review of the sentencing transcript, it is apparent that the court was clearly concerned with the length of  Valdivia-Perez's sentence as calculated under the Guidelines, when compared with his co-conspirators' much shorter sentences. The district court acknowledged that if the law were to change, he would likely "take a hard look" at whether a downward departure was justified, stating "this is about as much disparity as I've ever seen in a case."  In light of the Supreme Court's pronouncement in United States v. Booker, 125 S. Ct. 738 (2005), that the Sentencing Guidelines are now advisory, and given our recent opinion in United States v. Pirani, 406 F.3d 543 (8th Cir. 2005) (en banc), the district court may now have an opportunity to impose a more favorable sentence.  See United States v. Rodriguez-Ceballos, No. 04-3390, 2005 WL 1131672 (8th Cir. May 16, 2005) (remanding for a third sentencing because although the district court labored under the belief that the Guidelines were mandatory, along with this court's interpretation of them, the court is now free to exercise its discretion, reviewing the advisory Guidelines together with other sentencing goals listed in 18 U.S.C. § 3553(a)).

This case is governed by the plain error analysis announced in Pirani because Valdivia-Perez did not preserve the error associated with mandatory sentencing. Pirani, 406 F.3d at 549-50.  As to the district court's belief that it could not depart downward, Valdivia-Perez satisfies each of the four elements governing our plain error review:[1] (1) the district court committed error by applying what was then

_____

[1]Because our resolution of this issue results in remand, we need not discuss the district court's determination by a preponderance of the evidence that Valdivia-Perez possessed a weapon.  The district court may resolve this issue on remand.

thought to be mandatory guidelines, (2) according to our <u>Pirani</u> jurisprudence, the error is plain, or obvious at this time, (3) given the district court's stated desire to depart from the mandatory guidelines, Valdivia-Perez has carried his burden of demonstrating a reasonable probability that he might have received a more favorable sentence under an advisory scheme, and (4) because Valdivia-Perez would spend additional time in prison as a result of the imposed sentence, the fairness, integrity, and public reputation of judicial proceedings are seriously affected. <u>Id.</u> at 550-54 (discussing the four-part plain error analysis established in <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993)).

We therefore vacate Valdivia-Perez's sentence and remand for resentencing. On remand, the district court should consider all of the factors set forth in 18 U.S.C. § 3553(a) in sentencing Valdivia-Perez.

_____