# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3871

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Mark High Elk, | * | |
| | * | |
| Appellant. | * | |
| | * | |
| _____ | * | |
| | * | |
| No. 04-3937 | * | Appeals from the United States |
| _____ | * | District Court for the |
| | * | District of South Dakota |
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Richard LaPlante, | * | |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: November 14, 2005
Filed: April 3, 2006

_____

Before MURPHY, GRUENDER and McMILLIAN,[1] Circuit Judges.
_____

GRUENDER, Circuit Judge.

The Appellants, co-defendants Mark High Elk and Richard LaPlante, each were convicted by a jury of two felony counts of assault resulting in serious bodily injury and aiding and abetting the assault in violation of 18 U.S.C. §§ 1153, 113(a)(6) and 2, and two misdemeanor counts of simple assault and aiding and abetting the simple assault in violation of 18 U.S.C. §§ 1153, 113(a)(5) and 2. The Appellants appeal their respective convictions and sentences. For the reasons discussed below, we affirm.

I.    BACKGROUND

By a four-count indictment, each Appellant was charged with two felony counts of assault with a dangerous weapon (Counts I and III) and two felony counts of assault resulting in serious bodily injury and aiding and abetting the assault pursuant to 18 U.S.C. §§ 1153, 113(a)(3), and 2 (Counts II and IV) in connection with the October 15, 2003, assaults of Francis Addison and Royce Dauphinais at the home High Elk shared with Toni Handboy on the Cheyenne River Sioux Indian Tribe reservation.

At trial, the Appellants requested that the jury be allowed to consider convicting on lesser included offenses. Granting this request, the district court instructed the jury that if it did not find an Appellant guilty on Count I or Count III, it then must determine whether that Appellant was guilty of the lesser included misdemeanor offense of simple assault. Likewise, if it did not find an Appellant guilty on Count II or Count IV, it then must determine whether that Appellant was guilty of the lesser included misdemeanor offense of assault by striking, beating or wounding. The jury found the Appellants

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is filed by the remaining members of the panel pursuant to 8th Circuit Rule 47E.

guilty of assault resulting in serious bodily injury (Counts II and IV) but not of assault with a dangerous weapon (Counts I and III). However, the jury did find the Appellants guilty of the lesser included misdemeanor offense of simple assault on Counts I and III.

Sentencing the Appellants in the period between *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), the district court[2] held that the United States Sentencing Guidelines were unconstitutional. However, the district court identified advisory sentencing guidelines ranges of 70 to 87 months for LaPlante and 57 to 71 months for High Elk – guidelines ranges that included an enhancement under U.S.S.G. § 2A2.2(b)(2)(B) for both Appellants based on the use of a dangerous weapon. The district court then imposed a sentence of 66 months for LaPlante and a sentence of 60 months for High Elk for the assault resulting in serious bodily injury convictions and concurrent sentences of 6 months for each Appellant for each simple assault conviction.

## II.    DISCUSSION

The Appellants argue that the constitutional prohibition against double jeopardy precludes their convictions for both the assaults resulting in serious bodily injury of Dauphinais (Count I) and Addison (Count III) and the lesser included simple assaults of Dauphinais (Counts II) and Addison (Count IV). This argument was not raised before the district court. "It is well settled that '[d]ouble jeopardy claims may not be raised for the first time on appeal.'" *United States v. Santana*, 150 F.3d 860, 863-64 (8th Cir. 1998)(quoting *United States v. Goodwin*, 72 F.3d 88, 91 (8th Cir. 1995)). Therefore, the double jeopardy claim is not properly before the Court, and we do not address its merits. *Goodwin*, 72 F.3d at 91.

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

The Appellants next claim that the district court erred by allowing the Government to present the rebuttal testimony of Samuel High Elk, Appellant High Elk's brother, and FBI Special Agent David Mackey. The admissibility of rebuttal evidence is a matter entrusted to the sound discretion of the trial judge. *United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980). The Appellants argue that admission of Samuel High Elk's and Mackey's testimony was improper because it was beyond the limited scope allowed for rebuttal. However, the Appellants fail to point to any excerpts from the transcript in support of their position or offer any substantive legal arguments.

A review of the trial transcript shows that Samuel High Elk, who was with the Appellants immediately prior to the Appellants' return to the High Elk/Handboy residence, testified that he believed there was going to be a physical confrontation, contradicting High Elk's trial testimony that the Appellants were not looking for trouble when they went back to the house. Likewise, Mackey testified that High Elk admitted to him that he knew there would be a fight when the Appellants returned to the residence. This prior statement clearly rebuts High Elk's trial testimony. Mackey also testified that the version of the attack High Elk described to him sharply contrasted with the version LaPlante offered in his trial testimony. For example, Mackey testified that High Elk told him that LaPlante grabbed a bat from the utility room and began swinging wildly at the victims. LaPlante, however, testified at trial that he got the bat when he wrestled it away from Dauphinais, who had struck him on the back. Because the rebuttal testimony was well within the scope of the evidence presented in the Appellants' cases-in-chief, we find that this was proper rebuttal and that the district court did not abuse its discretion by admitting Samuel High Elk's and Mackey's testimony. *See United States v. Vitale*, 728 F.2d 1090, 1093 (8th Cir. 1984) ("Once a witness (especially a defendant-witness) testifies as to any specific fact on direct testimony, the trial judge has broad discretion to admit . . . evidence tending to contradict the specific statement . . . ." (quoting *United States v. Giese*, 597 F.2d 1170, 1190 (9th Cir. 1979)).

The Appellants also complain that Mackey's testimony violated *Bruton v. United States*, 391 U.S. 123 (1968). We review de novo the issue of whether a *Bruton* violation occurred, *United States v. Vega Molina*, 407 F.3d 511, 519 (1st Cir. 2005) (citing *United States v. Sarracino*, 340 F.3d 1148, 1158-59 (10th Cir. 2003)). *Bruton* is grounded on the Sixth Amendment right to confrontation and prohibits the admission of an out-of-court confession by a nontestifying defendant implicating a co-defendant by name in the crime. *United States v. Karam*, 37 F.3d 1280, 1287 (8th Cir. 1994) (citing *Bruton*, 391 U.S. at 126). However, *Bruton* does not apply when the declarant testifies at trial and is available for cross-examination. *Karam*, 37 F.3d at 1287.

In this case, both Appellants testified at trial. After their testimony, Special Agent Mackey testified on rebuttal and recounted statements made by High Elk that implicated both High Elk and LaPlante in the assaults. The Appellants argue that this testimony violates *Bruton* because they had no opportunity to confront High Elk on these statements.[3] LaPlante claims that he did not attempt to recall High Elk because the Fifth Amendment would have protected High Elk from being compelled to testify. However, in addition to being incorrect regarding the availability of the Fifth Amendment, *Johnson v. United States*, 318 U.S. 189, 195 (1943) (citations omitted), this argument ignores the fact that LaPlante could have confronted High Elk about his statements to Mackey when High Elk testified during the Appellants' cases-in-chief. Despite being well aware of High Elk's statement to Mackey, LaPlante chose not to confront High Elk about it when he had the opportunity to do so. Therefore, because High Elk took the witness stand and was available for cross-examination by LaPlante, there was no *Bruton* violation by the admission of his out-of-court statements implicating LaPlante. *See United States v. Brady*, 579 F.2d 1121, 1129 (9th Cir. 1978) (finding no *Bruton*

---

[3]Although High Elk makes the same *Bruton* argument as LaPlante, High Elk has no standing to argue a violation under *Bruton*. High Elk cannot claim that the testimony deprived him of his confrontation right because he was the declarant of the statements and Mackey did not testify about any statement that LaPlante made implicating High Elk.

violation where "each appellant who made an extra-judicial statement was present in court, actually took the witness stand, and subjected himself to cross-examination, both by the government and by the other appellant").

Finally, the Appellants argue that the district court erred by including the enhancements for use of a dangerous weapon in calculating the Appellants' advisory sentencing guidelines ranges. The Appellants claim that, under *Blakely* and *Booker*, any fact used to enhance a sentence must be found beyond a reasonable doubt by a jury. The argument is without merit. Post-*Booker* case law permits judicial fact-finding for purposes of sentencing guidelines enhancements, provided that it is done with the understanding that the guidelines are applied in an advisory fashion. *United States v. Ameri*, 412 F.3d 893, 899 (8th Cir. 2005). Because the record establishes that the guidelines were applied in an advisory manner, such fact-finding was permissible.

In addition, the Appellants argue that the district court could not increase their advisory sentencing guidelines ranges on the basis of acquitted conduct. This argument also fails. Even post-*Booker*, for purposes of calculating the advisory guidelines range, the district court may find by a preponderance of the evidence facts regarding conduct for which the defendant was acquitted. *United States v. Radtke*, 415 F.3d 826, 844 (8th Cir. 2005) (holding that, in determining whether the district court had correctly calculated fraud loss, the "jury's acquittal . . . establishes only that there was reasonable doubt as to [the defendant's] involvement with such conduct" and the "district court was still free, indeed obliged, to consider whether his involvement had been proved by a preponderance of the evidence"). As the record indicates that there was ample evidence to support a finding that the Appellants used a bat as a dangerous weapon, we find no error in the district court's inclusion of a guideline enhancement for the use of a dangerous weapon.

## III. CONCLUSION

Accordingly, as to each Appellant, we affirm the conviction and the district court's sentence.

————————————————