# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3547

———————

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　　　Plaintiff - Appellee,　　　*　　District Court for the
　　　　　　　　　　　　　　　　　　*　　Northern District of Iowa
　　　v.　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
Santiago Valdivia-Perez,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Defendant - Appellant.　　*

———————

Submitted: June 15, 2006
Filed: June 29, 2006

———————

Before ARNOLD and BEAM, Circuit Judges, and DOTY,[1] District Judge

———————

DOTY, District Judge.

　　　Santiago Valdivia-Perez appeals the sentence imposed upon him following his conviction for conspiracy to distribute 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The district court[2]

———————

　　　[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

　　　[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

originally sentenced Valdivia-Perez to life imprisonment. On appeal, this court remanded for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Valdivia-Perez, 133 Fed. Appx. 347, 348 (8th Cir. June 6, 2005) (unpublished per curiam). At re-sentencing, the district court made the same guidelines calculations, found no reason for a variance and again sentenced Valdivia-Perez to life imprisonment. We affirm.

A jury convicted Valdivia-Perez of conspiracy to distribute methamphetamine and cocaine, but acquitted him of knowingly using and carrying a firearm during and in relation to a drug trafficking crime. At the original sentencing hearing, the district court found by a preponderance of the evidence that Valdivia-Perez possessed a gun in connection with the drug-trafficking offense and enhanced his base offense level under U.S.S.G. § 2D1.1(b)(1). In particular, the court considered trial testimony that Valdivia-Perez flashed a gun during drug transactions and traded firearms for cocaine. Valdivia-Perez contends that the application of a two-level enhancement for possession of a dangerous weapon violates his rights under the Fifth and Sixth Amendments to the United States Constitution because a jury acquitted him of knowingly using and carrying a firearm during and in relationship to a drug trafficking crime. He further contends that the evidence does not support the district court's finding that he possessed a gun in connection with the drug offense.

We review the district court's interpretation and application of the guidelines de novo and the court's findings of fact for clear error. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). This court has already addressed and rejected the argument that a jury's acquittal precludes the district court from considering whether the government proved the same or similar conduct by a preponderance of the evidence for sentencing purposes. See United States v. High Elk, 442 F.3d 622, 626 (8th Cir. 2006); United States v. Radtke, 415 F.3d 826, 844 (8th Cir. 2005) (after jury's acquittal, "[t]he district court was still free, indeed obliged, to consider whether

[the defendant's] involvement had been proved by a preponderance of the evidence"). So long as a district court treats the guidelines as advisory, there is no Sixth Amendment error in finding facts necessary to apply an enhancement.[3] United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005); see Booker, 543 U.S. at 246. Because the record shows that the district court applied the guidelines in an advisory manner in this case, fact-finding by the court was permissible.

Valdivia-Perez argues that the evidence does not support the district court's finding because his use or possession of a firearm during his arrest was not sufficiently connected to his drug-trafficking offense. However, the court did not consider such evidence for the purpose of applying the enhancement. Rather, the court referred to the original sentencing hearing in which it found that trial testimony of Valdivia-Perez's use of firearms during drug transactions supported application of the firearm enhancement. The record reflects adequate evidence to support such a finding, and we find no error in the district court's application of the two-level enhancement for possession of a firearm.

For the reasons stated, we affirm the district court's application of the sentencing guidelines.

_____

---

[3]Because defendant does not have the right to a jury trial under the Sixth Amendment in this context, he also does not enjoy the alleged due process right to proof beyond a reasonable doubt under the Fifth Amendment. See Apprendi v. New Jersey, 530 U.S. 466, 484 (2000) (noting association between due process rights and right to a jury trial).