# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3955

_____

United States of America,              *
                                       *
            Appellee,                  *
                                       *   Appeal from the United States
      v.                               *   District Court for the
                                       *   District of Nebraska.
Dennis E. Smith,                       *
                                       *        [UNPUBLISHED]
            Appellant.                 *

_____

Submitted: January 31, 2008
Filed: February 4, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Dennis Smith (Smith) appeals the 37-month prison sentence the district court[1] imposed after a jury found him guilty of possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1), and not guilty of possessing a firearm (a 12-gauge shotgun) in furtherance of the drug-trafficking crime. Smith argues that, in calculating the advisory Guidelines imprisonment range of 37-46 months, the district court erred in denying a 2-level reduction for accepting responsibility and in applying a 2-level enhancement for possessing a dangerous weapon.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We conclude the district court did not clearly err in denying a reduction for acceptance of responsibility, because Smith did not admit to the drug charge until trial, and he never entered a guilty plea. See U.S.S.G. § 3E1.1 cmt. n.1(h) (saying, when determining whether to apply a reduction, the timeliness of defendant's conduct in manifesting an acceptance of responsibility is an appropriate consideration), cmt. n.2 (explaining, if the defendant does not plead guilty and is convicted at trial, a reduction is appropriate only in rare situations, such as when defendant goes to trial to preserve issues not related to factual guilt; in such instance, reduction will be based primarily on pretrial statements and conduct); United States v. Tjaden, 473 F.3d 877, 879 (8th Cir. 2007) (standard of review).

We further conclude Smith's arguments related to the weapon enhancement are without merit. First, application of the enhancement was not unconstitutional. See United States v. Sandoval-Rodriguez, 452 F.3d 984, 990-91 (8th Cir.) (imposing weapon enhancement does not violate Sixth Amendment if Guidelines are treated as advisory), cert. denied, 127 S. Ct. 600 (2006); United States v. High Elk, 442 F.3d 622, 626 (8th Cir. 2006) (stating, even after United States v. Booker, 543 U.S. 220 (2005), for purposes of calculating an advisory Guidelines range, "the district court may find by a preponderance of the evidence facts regarding conduct for which the defendant was acquitted").

Second, the "clearly improbable" language referenced in U.S.S.G. § 2D1.1(b)(1) cmt. n.3 ("enhancement for weapon possession . . . . should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the [drug-trafficking] offense"), did not create a new burden of proof or shift the burden to Smith. See United States v. Payne, 81 F.3d 759, 764 (8th Cir. 1996) ("The 'unless clearly improbable' language does not shift the burden of proof to the defendant; the government must prove by a preponderance of the evidence that the weapon is connected to the offense.").

Third, the district court did not err in finding it was not clearly improbable that the 12-gauge shotgun was connected with the drug-trafficking offense, because the shotgun was found along with marijuana in a shower stall, and more marijuana was located in a nearby storage area. See United States v. Lopez, 416 F.3d 713, 715 (8th Cir. 2005) (standard of review); United States v. Behler, 187 F.3d 772, 777-78 (8th Cir. 1999) (holding testimony of defense witnesses, who claimed defendant used a gun only for hunting purposes, was irrelevant to whether defendant carried a firearm in connection with drug offenses because they admitted they were not involved in his drug-dealing activities); Payne, 81 F.3d at 764 (concluding the evidence was sufficient to satisfy the preponderance burden of proof where the government agents testified the rifle was found in the apartment used by conspirators to store cocaine and drug proceeds); United States v. Luster, 896 F.2d 1122, 1128-29 (8th Cir. 1990) (concluding the inoperability of a firearm does not prevent the court from applying a § 2D1.1(b)(1) enhancement as long as the firearm did not clearly appear inoperable).

We affirm.

_____