# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3772

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Ronald Shufelt, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 29, 2010
Filed: February 3, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ronald Shufelt appeals the judgment of the district court[1] entered upon a jury verdict finding him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, the admission of an audio recording of police radio transmissions, the district court's failure to declare a mistrial based on the government's closing argument, and the reasonableness of Shufelt's sentence. Shufelt asserts additional sentencing challenges

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

in a pro se supplemental brief, and he raises ineffective-assistance arguments in a pro se "motion." For the reasons that follow, we affirm.

The trial testimony established that Shufelt, who had previously been convicted of crimes punishable by imprisonment exceeding one year, was stopped by police after being chased in a stolen vehicle, and after leaving the owner of the vehicle bound in her home. A search of the vehicle resulted in the recovery of five firearms, all of which had been transported in interstate commerce, from the back seat. This evidence, along with evidence of Shufelt's admissions and fingerprint evidence, was ample to sustain Shufelt's felon-in-possession conviction, particularly in light of defense counsel's failure to move for a judgment of acquittal. See United States v. Anderson, 570 F.3d 1025, 1029-30 (8th Cir. 2009) (where defendant did not move for acquittal at the close of evidence, review of district court's entry of judgment convicting defendant is for plain error; plain error exists when there is error which is plain and affects substantial rights, and court of appeals exercises its discretion to correct such error only if it seriously affects fairness, integrity or public reputation of judicial proceedings); United States v. Lofton, 557 F.3d 594, 596 (8th Cir. 2009) (to convict defendant of being felon in possession of firearm, government needed to prove (1) defendant had prior felony conviction, (2) he knowingly possessed firearm, and (3) firearm affected interstate commerce).

As to the audiotape of the police chase, we conclude that--even assuming the district court abused its discretion in admitting this evidence without proper authentication--any error was harmless and did not influence the verdict. See United States v. Two Shields, 497 F.3d 789, 792 (8th Cir. 2007) (review of evidentiary rulings is for clear abuse of discretion, and court will reverse only when improper evidentiary ruling affected defendant's substantial rights or had more than slight influence on verdict); United States v. Oslund, 453 F.3d 1048, 1054 (8th Cir. 2006) (review of admission of tape recordings).

We also find no plain error in the district court's failure to sua sponte declare a mistrial based on the prosecutor's closing argument, which purportedly implied a personal belief in Shufelt's guilt. See United States v. Bentley, 561 F.3d 803, 810-12 (8th Cir.) (prosecutorial remarks not objected to at trial are reviewed for plain error, and court of appeals "will reverse only if the district court's failure to take action seriously affected both the defendant's substantial trial rights and the fairness, integrity or public reputation of judicial proceedings"), cert. denied, 130 S. Ct. 175 (2009).

As for Shufelt's sentence, the district court imposed a prison term at the bottom of the advisory Guidelines range of 262-327 months, based on recommendations in the presentence report, to which there were no objections, that Shufelt was subject to enhanced sentencing as an armed career criminal who possessed the firearms in connection with a crime of violence, that his adjusted total offense level was 34, and that he had a Category VI criminal history. See U.S.S.G. § 4B1.4(a), (b)(3)(A), (c)(2). We conclude that the district court did not impose an unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing court first ensures that district court committed no significant procedural error, then considers substantive reasonableness of sentence); United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (according presumption of reasonableness on appeal to sentence at bottom of Guidelines range).

We also reject Shufelt's pro se challenges to his section 924(e) sentencing, based in part on his Missouri burglary convictions, see 18 U.S.C. § 924(e)(2)(B); United States v. Stymiest, 581 F.3d 759, 768 (8th Cir. 2009); United States v. Bell, 445 F.3d 1086, 1090-91 (8th Cir. 2006), and to the district court's relevant-conduct findings, see United States v. High Elk, 442 F.3d 622, 626 (8th Cir. 2006). We decline to address Shufelt's ineffective-assistance arguments, as they would more appropriately be raised in a 28 U.S.C. § 2255 motion, to enable proper development of the record. See United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, grant counsel's motion to withdraw, and deny Shufelt's pending "motion."

_____