**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2011

No. 09-10962
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RIGOBERTO MATA, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-267-15

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rigoberto Mata, Jr., who is representing himself pro se on appeal, was caught with over $1.1 million in cash in the trailer of his truck. He was indicted on one count of conspiracy to possess with intent to distribute and distributing more than five kilograms of cocaine and one count of conspiracy to commit money laundering. A jury convicted him of conspiring to commit money laundering but acquitted him of the drug offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Mata challenges the sufficiency of the evidence used to convict him of conspiracy to commit money laundering. He did not move for a judgment of acquittal at the close of the Government's case or at the end of all evidence; thus, our review is for a manifest miscarriage of justice. *See United States v. Aguilar*, 503 F.3d 431, 435 (5th Cir. 2007). Mata asserts that the Government did not present any evidence that he knew that the currency he transported was destined to be shipped out of the country or that he attempted to conceal the nature or source of the currency as he suggests 18 U.S.C. § 1956(a)(2) requires. His argument is misplaced, however, because he was indicted for and convicted of conspiring to commit promotional money laundering under § 1956(a)(1)(A)(i) and § 1956(h). These subsections do not require the Government to prove that Mata knew that the currency would end up in outside of the United States or that he made any effort to conceal the currency in any way. *See* § 1956(a)(1)(A)(i), (h).

Mata next takes issue with the court's jury instruction as to the elements of money laundering, arguing that it relieved the Government of its burden to prove that Mata knew that the funds were drug proceeds and prejudiced the jury against him. Because defense counsel did not object to the jury charge, our review is for plain error. *See United States v. Foy*, 28 F.3d 464, 474 (5th Cir. 1994). The court, however, used this circuit's pattern jury instruction. 5th Cir. Pattern Jury Instructions, § 2.76. Accordingly there was no plain error. *See Foy*, 28 F.3d at 474.

The majority of Mata's brief is devoted to challenging the district court's decision to assign a base offense level under U.S.S.G. § 2S1.1(a)(1) and U.S.S.G. § 2D1.1, based on the amount of cocaine equivalent to the currency he transported. Mata contends that the evidence was insufficient to link him to the drug conspiracy and urges that he should have been sentenced under § 2S1.1(a)(2) on the basis of the amount of money he laundered. Although the Sentencing Guidelines are advisory, the district court nonetheless must correctly

calculate the applicable guidelines range. *United States v. Goss*, 549 F.3d 1013, 1016 (5th Cir. 2008). We review a district court's factual findings regarding the guidelines calculation for clear error and its application of the Guidelines de novo. *United States v. Ruiz*, 621 F.3d 390, 394 (5th Cir. 2010). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Cisneros-Guiterrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As Mata acknowledges, when sentencing a defendant, a district court may take into account conduct for which the defendant has been acquitted as long as the Government proves by a preponderance of the evidence that the defendant engaged in the conduct. *United States v. Jackson*, 596 F.3d 236, 243 (5th Cir. 2010). Under § 2S1.1(a)(1), which the district court applied, the base offense level is "[t]he offense level for the underlying offense from which the laundered funds were derived" if "(A) the defendant committed the underlying offense" or if the underlying offense constitutes relevant conduct under § 1B1.3(a)(1)(A); and (B) that offense level is determinable. § 2S1.1(a)(1). As relevant here, § 1B1.3 defines as relevant conduct "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."

The district court found by a preponderance of the evidence that Mata was responsible for cocaine distribution as relevant conduct because, at the very least, he aided and abetted drug trafficking. The court found particularly relevant that Mata was trusted with a large sum of money, suggesting that he had a close relationship with the others in the conspiracy. This finding was supported by evidence at trial that Mata spoke frequently with a high-ranking member of the Gulf cartel in Mexico and the head of a cell of the organization in Dallas. The court also relied on transcripts of calls between Mata and the leader of the Dallas cell, which suggest that Mata was no stranger to him or the head of the cartel and that Mata understood how the conspiracy's transportation system operated. Though Mata takes a different view of the evidence, the court's determination is plausible in light of the record as a whole. Accordingly, the

district court did not clearly err in finding, based on a preponderance of the evidence, that Mata aided and abetted drug trafficking and thus should be held accountable for that conduct under § 2S1.1(a)(1) and § 2D1.1.

Next, Mata argues that the district court should have granted his request for a two-level offense-level reduction under § 3B1.2(b) for playing a minor role in the offense. We review for clear error a district court's decision whether to grant a minor-role reduction. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). A defendant is a "minor participant" in an offense if his role is more than minimal but he is "less culpable than most other participants." § 3B1.2, comment. (n.5). It is not sufficient for a defendant to show that he was less involved than other participants; rather, he must show that he was "peripheral to the advancement of the illicit activity." *United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008). Where a defendant is sentenced only for conduct that is directly attributable to him, § 3B1.2 does not require a district court to grant a minor-role adjustment even if the defendant plays a small part an the overall criminal scheme. *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Mata was sentenced for only the money he was directly responsible for laundering and was not punished based on the conduct that other members of the money-laundering conspiracy engaged in. Accordingly, the district court did not clearly err in failing to grant the adjustment.

Mata contends that his 235-month, within-guidelines sentence is substantively unreasonable. Where, as here, the district court imposes a sentence within the properly calculated guidelines range, we apply a rebuttable presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Mata did not object to the reasonableness of the sentence in the district court; accordingly, our review is for plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir.), *cert. denied*, 129 S. Ct. 2450 (2009). Mata asserts that the district court used

No. 09-10962

§ 2S1.1(a)(1) to achieve a guidelines sentence near the statutory maximum in order to avoid having to justify a variance under § 3553(a).  However, as we have explained, the court did not err in determining that § 2S1.1(a)(1) provided for the appropriate base offense level.  In any event, the district court explained that it had considered the § 3553(a) factors, finding that the 235-month sentence was sufficient but not greater than necessary to achieve the purposes of sentencing.  In particular, the court relied on the seriousness of the offense and the need to promote respect for the law and to deter others.  None of Mata's other complaints about the sentence establishes that the district court plainly erred in selecting a within-guidelines sentence.

Finally, Mata faults his trial counsel's performance at various stages of the proceedings.  As he recognizes, however, these complaints are more appropriately raised in a postconviction motion pursuant to 28 U.S.C. § 2255, *see United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).  Accordingly, we decline to address them now.

AFFIRMED.