# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2021

Lyle W. Cayce
Clerk

No. 20-20320
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE NOE CASTRO ORELLANA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-107-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Jose Noe Castro Orellana pleaded guilty to violating 8 U.S.C. § 1326(a), illegal reentry by a previously deported alien, and was sentenced to 24 months in prison, the statutory maximum sentence. Orellana argues that his sentence is unreasonable, both procedurally and substantively.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20320

We review sentences for reasonableness, first determining whether the district court committed a procedural error, such as "selecting a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). Orellana contends that the district court selected his sentence based on its erroneous belief that he should have been charged with violating § 1326(b)(1), which would have subjected him to a 10-year statutory maximum sentence, rather than § 1326(a) and its two-year statutory maximum sentence. Because Orellana failed to present this argument in the district court, our review is for plain error. Orellana must show a forfeited error that is "clear or obvious" and that has "affected [his] substantial rights" by "affect[ing] the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted). If he makes this showing, we have the discretion to remedy the error but should do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal punctuation, quotation marks, and citation omitted).

Orellana has failed to show that the district court committed a clear or obvious error by relying on clearly erroneous facts to select the sentence. *See Gall*, 552 U.S. at 51. Even if the district court committed an error that was clear or obvious, Orellana has failed to show that the error affected his substantial rights because he has not shown a reasonable probability that, absent any reliance on its belief that Orellana should have been charged under § 1326(b)(1), the court would have imposed a lesser sentence. *See Puckett*, 566 U.S. at 135; *United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009). The 24-month sentence became the guidelines sentence because it was the statutory maximum sentence and was below the guidelines range of 30 to 37 months that would have otherwise applied and which had been correctly calculated.

No. 20-20320

Because the district court did not commit a procedural error, we now consider whether the 24-month sentence was substantively reasonable. By requesting a sentence of one year and one day, Orellana preserved his substantive reasonableness challenge, *see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764, 766-67 (2020), and we review for abuse of discretion. *See United States v. Sifuentes*, 945 F.3d 865, 868 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2697 (2020). Orellana argues that the district court imposed a substantively unreasonable sentence because it relied too heavily on an erroneous belief that he could have been charged under § 1326(b)(1), but he has failed to overcome the presumption of reasonableness that applies to his within-guidelines sentence, which was based, at least implicitly, on several 18 U.S.C. § 3553(a) factors. *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012); *see also Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.