# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2021

Lyle W. Cayce
Clerk

No. 20-11142
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EMMANUEL ASHEMUKE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-331-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Emmanuel Ashemuke pleaded guilty, pursuant to a written agreement, to conspiring to engage in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §§ 371 and 1957, namely, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

violation of 18 U.S.C. § 1343.  The district court sentenced Ashemuke to the statutory maximum 60-month sentence, ordered that he make restitution in the amount of $1,653,473, and imposed a three-year term of supervised release.

Ashemuke challenges the district court's inclusion of the $75,600 wire transfer from Khalid Abdulwahab-Kidiri's (Kidiri) bank account to Ashemuke's Nigerian account in determining Ashemuke's base offense level under U.S.S.G. § 2S1.1(a)(2).  He argues that the evidence was insufficient to support the district court's finding that the funds were laundered, that he lacked the requisite knowledge of the criminal origin of the funds, and that the monetary transfer was not intended to disguise its criminal origin. Although Ashemuke preserved only his evidentiary challenge, *see United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017); *United States v. Chavez-Hernandez*, 671 F.3d 494, 497-98 (5th Cir. 2012), we need not decide the standard of review because his arguments fail under any standard, *see United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

We review whether the district court procedurally erred in its interpretation and application of § 2S1.1(a) de novo and its factual findings for clear error.  *United States v. Sifuentes*, 945 F.3d 865, 868 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2697 (2020).  The Guideline does not require that for funds to be deemed "laundered" the money transfer at issue must have been intended to disguise the criminal origin of the funds.  *See* § 2S1.1, comment. (n.1).

Under a preponderance of the evidence, the district court's finding that the $75,600 Kidiri wire transferred to Ashemuke's Nigerian bank account was laundered was not clearly erroneous because it was plausible in light of the record when read as a whole.  *See United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).  Here, the Presentence Report (PSR) established

that Ashemuke's conspiracy involved the laundering of funds illicitly obtained as a result of a false romance scheme and a pattern whereby the funds were wired from various American bank accounts to Ashemuke's bank accounts in Nigeria and that the Kidiri transaction fit that pattern. Ashemuke failed to carry his burden of rebutting the PSR, and his reliance on Kidiri's statement and assertion that the funds at issue came from his 401(k) are unavailing. *See Alaniz*, 726 F.3d at 619, 623; *United States v. Fernandez*, 559 F.3d 303, 322-23 (5th Cir. 2009); *United States v. Reasor*, 541 F.3d 366, 369 (5th Cir. 2008).

Ashemuke also challenges a three-level increase in his offense level under § 3B1.1(b) for his supervisory or managerial role. Contrary to Ashemuke's assertion, the district court applied the three-level increase because it found that Ashemuke was a supervisor or a manager and that the criminal activity was otherwise extensive. Because Ashemuke did not object to this finding, review is for plain error, which requires that he show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Benitez*, 809 F.3d 243, 248 (5th Cir. 2015). If such a showing is made, we exercise discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Benitez*, 809 F.3d at 249 (internal quotation marks and citation omitted, alteration in the original).

The PSR established that Ashemuke supervised or managed at least one other knowing participant; the criminal activity involved 50 victims, world-wide; and, he used the services of several knowing and unknowing outsiders, including numerous bank employees from numerous banks, the United States postal service, car dealership employees, shipping company employees, the county clerk's office, and even friends. Thus, the district court's finding that Ashemuke was a manager or supervisor and that the

criminal activity was otherwise extensive for purposes of the § 3B1.1(b) role enhancement was not clear or obvious error subject to reasonable dispute. *See* § 3B1.1(b), comment. (nn.1-3); *United v. Brown*, 727 F.3d 329, 340-41 (5th Cir. 2013); *United States v. Byrd*, No.92-5227, 1993 WL 413923, at *2 (5th Cir. Oct. 15, 1993) (unpublished).

The judgment is AFFIRMED.