# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50529
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Xavier Angelo Hernandez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-258-1

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Xavier Angelo Hernandez pleaded guilty to: conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 (prohibiting conspiracy), 841(a)(1) (prohibiting possession with intent to distribute), 841(b)(1)(A)(viii) (setting penalty); and possession of a firearm during the commission of a drug-trafficking crime, in violation of 18 U.S.C.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 924(c)(1)(A)(i). He challenges his § 924(c) conviction and his below-Guidelines 300-months' sentence.

Hernandez first makes two challenges to his § 924(c) conviction: his guilty plea was not knowing and voluntary because the court did not advise him on all elements of the offense; and the factual basis was insufficient to support his guilty plea on that charge. Because Hernandez did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Hernandez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Regarding Hernandez' knowing-and-voluntary challenge, Federal Rule of Criminal Procedure 11 requires the district court to "inform the defendant of . . . the nature of each charge to which the defendant is pleading". Fed. R. Crim. P. 11(b)(1)(G). This rule "does not require the district court to explicate the specific elements of each charge". *United States v. Santiago*, No. 23-30149, 2024 WL 1205473, at *4 (5th Cir. 21 Mar. 2024).

"Although there are no precise guidelines as to what is sufficient to meet this standard, the court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge." *Id.* (citation omitted). Our court has held: "a reading of the indictment, followed by an opportunity given [to] the defendant to ask questions about it, will usually suffice to inform the defendant of the nature

of the charge". *United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000) (citation omitted).

Hernandez does not show the requisite clear or obvious error in the court's concluding his plea was knowing and voluntary. The superseding indictment was read to him and the court repeatedly asked whether he understood the nature of the offenses. Hernandez stated he understood the charges and did not have any questions concerning them. *See id.*; *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Further, the court advised Hernandez of: the constitutional rights he was waiving by pleading guilty; the nature of the offenses; and the maximum possible penalty for each offense. *See United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014) (explaining defendant must understand consequences of plea and nature of constitutional protections waived); *United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) (emphasizing defendant must be aware of maximum penalty).

Section 924(c) prohibits possession of a firearm "in furtherance" of a crime of violence or drug-trafficking crime. 18 U.S.C. § 924(c). To the extent Hernandez contests the factual basis of the "in furtherance" element, he again does not show the requisite clear or obvious error. This element requires more than a firearm's mere presence; it must "further, advance, or help a drug trafficking" crime. *United States v. Ceballos-Torres*, 218 F.3d 409, 412 (5th Cir. 2000). "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *United States v. Ortiz*, 927 F.3d 868, 872–73 (5th Cir. 2019) (citation omitted). The presentence investigation report stated that, during a traffic stop, officers discovered in Hernandez' vehicle: two large bags of a crystal substance, two digital scales, sandwich bags, marihuana, synthetic marihuana, a stolen .40 caliber handgun, and money. *See Ceballos-Torres*, 218

F.3d at 415 (affirming § 924(c) conviction where "weapon was loaded and easily accessible in [defendant]'s apartment . . . along with a substantial amount of drugs and money"). Hernandez also frequently made social-media posts displaying marihuana, money, and several firearms.

Further, we will not consider Hernandez' contention, raised for the first time in his reply brief, that the above analysis is altered by *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *See, e.g.*, *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006) ("[T]his Court will not ordinarily consider arguments raised for the first time in a reply brief".).

Regarding his sentence, Hernandez asserts the court procedurally erred and he contests the sentence's substantive reasonableness. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Hernandez asserts the court erred in imposing various sentencing enhancements. Although counsel filed written objections to these enhancements, counsel expressly waived them at the sentencing hearing. Hernandez' challenges to the sentence enhancements are, therefore, not reviewable. *See, e.g.*, *United States v. Cabello*, 33 F.4th 281, 295–96 (5th Cir. 2022) (explaining plain-error review applies to forfeitures, not waivers).

No. 23-50529

In challenging the substantive reasonableness of his sentence, Hernandez has not presented any meaningful assertion and has also failed to rebut the presumption of reasonableness afforded to below-Guidelines sentences. *See, e.g.*, *United States v. Sifuentes*, 945 F.3d 865, 869 (5th Cir. 2019) (identifying presumption and avenue for rebuttal).

AFFIRMED.